SOKOL CAMP ASSOCIATION OF
OMAHA, NEBRASKA, APPELLEE, V.
JAMES J. VELEHRADSKY, SR., APPELLANT.

307 N.W.2d 510

Filed June 26, 1981. No. 43469.

Daniel W. Ryberg for appellant.

John P. Miller of Miller & Rowen, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

The plaintiff, Sokol Camp Association of Omaha, Nebraska, originally commenced this action in the municipal court of the city of Omaha to collect a $500 initiation fee and $250 in annual dues arising out of the membership of the defendant, James J. Velehradsky, Sr., in the association. From a judgment entered against the defendant in the sum of $725 in the municipal court, an appeal was taken to the District Court for Douglas County. The District Court modified the judgment to $500, apparently eliminating the claim for $225 in annual dues. This action of the District Court is difficult to understand because the defendant admitted on cross-examination that he had "no quarrel" with the fact that he owed that amount. However, only the defendant has appealed from the $500 judgment; and because the plaintiff has not seen fit to cross-appeal, we can ignore the claim for annual dues.

The defendant assigns as error the finding of both the municipal court and the District Court that the initiation fee was validly assessed and that defendant came within the definition of a "new individual member." We reverse and dismiss.

The association was organized in 1936 for the purpose

of social and cultural enhancement of Czechoslovakian ideals. The association owns certain land near Valley, Nebraska, which it sells in parcels to persons who become members and stockholders in the association, and which entitles them to have a right of access to the clubhouse and certain common grounds. The defendant has been a member of the association since approximately 1955, and served as one of its board members for two terms. He owned one unimproved lot, and in 1977 entered into a land contract to purchase an improved lot.

On June 2, 1973, the association passed a resolution, which for the first time in its history provided for an initiation fee. The fee was initially set at $300 and was later raised to $500. The minutes of the meeting at which the fee was adopted stated: "Sramek read Art. II of the By-Laws and Art. VIII, Section B of the Articles of Incorporation. After discussion, Frank Kroupa moved and Claude Jelen seconded the motion, 'That an initiation fee be assessed for new individual members in the amount of $300.00. That such initiation fee be waived for transfers of property within the immediate family. The definition of immediate family for this purpose shall be father, mother, son, daughter, brother, or sister.' Motion passed uanaimously [sic]. A letter informing all members will be sent at a later date."

The association attempted to assess the initiation fee of $500 against the defendant based on the purchase made in 1977. The defendant refused to pay the fee, contending that the resolution passed by the board was not effective to assess an initiation fee; rather, the board was required to amend the bylaws to accomplish this result. He further contends that if the resolution was effective, he did not come within the definition of "new individual member" and therefore should not have been assessed the fee.

The articles of incorporation state in article VIII (b): "The Board of Directors shall make proper grant of privileges of the Association under satisfactory and reason-

able regulations to members of any class provided by the Board, such members to pay annual dues to be fixed by the Board of Directors, and the Board may prescribe in addition to annual dues, an initiation fee."

The bylaws state in article II, § 2: "Initiation fees shall be not to exceed $__ for Individual Members, of not to exceed $__ for Associate Members, and of not to excees [sic] $__ for Organization Members; Provided, the Board of Directors, in its discretion, may waive the same." None of the blanks were filled in.

It is clear that the articles of incorporation give the board the authority to assess an initiation fee. Because the bylaws show no amount in the blank left for a limitation on the maximum amount to be assessed does not in any way place a limitation on the authority already granted by the articles. The resolution setting the amount to be assessed at the board meeting was within the board's authority. An amendment to the bylaws was unnecessary. The appellant's first assignment of error is without merit.

The second assignment of error concerns the effect of the resolution. The articles define "individual member" as "being a stockholder, duly elected, who shall purchase and hold a lot within the grounds of this Association . . . ." The resolution assesses an initiation fee for "new individual members." Both parties concede that the defendant was a member of the association prior to the purchase of the 1977 lot. Both corporate bylaws and the articles of incorporation are to be construed reasonably and according to the common and approved usage of the language employed. 18 Am. Jur. 2d *Corporations* §§ 83, 168. It is clear that the defendant had been an "individual member" for years prior to the effective date of the 1973 resolution. It is not so clear how he could later become a "new individual member" within the common meaning of that phrase. We are of the opinion that the defendant was already an individual member of the association, and by merely purchasing another parcel of land he did not suddenly become a new member. This is

particularly true since the reason for assessing an initiation fee is as expressed by Claude L. Jelen, a board member: "[W]e felt that people coming in now would have the benefit of a lot of work that had been done at Camp, the benefit of, of the buil--, use of the building and the use of the grounds. And, so, we felt that any, anyone coming in now, should pay something toward, toward those increased benefits that were available to them."

The defendant is not a "new individual member" within the common meaning of the words, and should not have been assessed the initiation fee. The judgment is reversed and the cause is remanded to the District Court with directions to vacate the judgment of the municipal court and to dismiss plaintiff's action.

REVERSED AND REMANDED WITH DIRECTIONS.